HON. ANTHONY J. FORTE Town Attorney, Smithtown
This is in response to your letter requesting an opinion of the Attorney General as to who is the chief law enforcement officer for the Town of Smithtown for purposes of Article 9-A of the General Municipal Law. Additionally, you inquire whether this chief law enforcement officer may delegate his powers, responsibilities and authority under Article 9-A of the General Municipal Law to another department within the municipal government.
Article 9-A of the General Municipal Law authorizes municipalities to adopt a local law or ordinance permitting games of chance to be conducted within the municipality. This enabling legislation confers various powers, duties and responsibilities on the chief law enforcement officer of the municipality. The Suffolk County Charter provides that towns may elect to transfer their police functions to the county and become part of the county police district (Suffolk County Charter § 1207). Once a county police district has been created it is the duty of the county police department to enforce all laws and ordinances applicable in the county (Suffolk County Charter § 1208 [c]).
The Town of Smithtown has elected to be included in the Suffolk County Police District, wherein law enforcement is performed by the Suffolk County Police Department. Under this agreement, the chief law enforcement officer of the Town of Smithtown is the Commissioner of the Suffolk County Police Department. General Municipal Law § 194 (2) permits a municipality to enact a local law or ordinance to provide that the general control and supervision of games of chance is to be exercised by the chief law enforcement officer of the county. This option indicates that the Legislature envisioned the chief law enforcement of the county as enforcement officer to control and supervise games of chance. The Town of Smithtown has elected to transfer all law enforcement functions to the Suffolk County Police Department, and in effect, has already exercised the option provided by General Municipal Law § 194 (2). Therefore, it is the Commissioner of the Suffolk County Police Department who is the chief law enforcement officer for the Town of Smithtown for purposes of Article 9-A of the General Municipal Law.
General Municipal Law § 186 (14) defines "officer" to be the chief law enforcement officer of a municipality outside the City of New York. This chief law enforcement officer is responsible for the general control and supervision of the games of chance and the premises and equipment used in connection with such games. General Municipal Law § 194 (1) sets forth this responsibility as follows:
 "1. The officer or department, shall have and exercise rigid control and close supervision over all games of chance conducted under such license, to the end that the same are fairly conducted in accordance with the provisions of such license, the provisions of the rules and regulations promulgated by the board and the provisions of this article and such officer or department and the board shall have the power and the authority to temporarily suspend any license issued by the clerk or department pending a hearing and after notice and hearing, the board may suspend or revoke the same, and additionally, impose a fine in an amount not exceeding one thousand dollars for violation of any such provisions, and shall have the right of entry, by their respective officers and agents, at all times into any premises where any game of chance is being conducted or where it is intended that any such game shall be conducted, or where any equipment being used or intended to be used in the conduct thereof is found, for the purpose of inspecting the same. An agent of the appropriate officer or department shall make an on site inspection during the conduct of all games of chance licensed pursuant to this article."
Article 9-A imposes certain duties and responsibilities in connection with games of chance which are most appropriately exercised by a law enforcement officer experienced in criminal investigations and activities. However, Article 9-A also imposes many obligations on the clerk of the municipality. For example, applications for a license to conduct games of chance must be filed with the clerk (General Municipal Law § 190 [1]); the clerk must make an investigation into the qualifications of each applicant and the merits of each application (General Municipal Law § 191 [1]); and the clerk issues the license to conduct games of chance and the license to lease premises for games of chance upon payment of the appropriate fees (General Municipal Law § 191 [1] [a] and [b]). The statutory procedure requires that the clerk of the municipality be actively involved with the application and issuance of licenses, and the collection of fees for such licenses.
The separation of responsibilities under Article 9-A demonstrates the intent of the Legislature to delegate criminal investigations and enforcement functions to a law enforcement officer, and to delegate administrative and ministerial functions to the clerk of the municipality. This separation of duties is further required by the limited manpower and budgetary resources of the agencies involved. In addition to the statutory fees for the issuance of licenses, an additional license fee of up to five percent of the net proceeds of the games of chance may be imposed under General Municipal Law §195-f(2). However, this additional fee is payable to the chief fiscal officer of the county if the municipality has elected to provide that the chief law enforcement officer of the county control and supervise games of chance (General Municipal Law § 194[2]).
To implement the requirements of Article 9-A and to facilitate its administration, it is our opinion that the clerk of the municipality should perform the administrative functions of examining the application for a license, issuing licenses, and maintaining required records. The chief law enforcement officer should perform criminal investigations concerning applicants for a license, inspect premises and equipment to be used, and investigate any irregularities or possible criminal activity or involvement discovered in connection with the games of chance. Necessarily, this division of responsibilities will require close cooperation between the chief law enforcement officer and the clerk of the municipality.
Accordingly, we conclude that the chief law enforcement officer for the Town of Smithtown for purposes of Article 9-A of the General Municipal Law is the Commissioner of the Suffolk County Police Department. The town clerk may perform the necessary administrative and ministerial functions; however, criminal investigations of applicants for licenses, examination of premises and equipment used, and investigations of criminal activity or involvement must be performed by the Commissioner of the Suffolk County Police Department.